TJOFLAT, Chief Judge,
dissenting:
Irespectfully dissent.
The main issue to be decided in this case “is whether the Jefferson County tax is ‘imposed directly on’ the federal government.” Jefferson County v. Acker, 850 F.Supp. 1536, 1541 (N.D.Ala.1994). I agree with the district court’s reasoning and its conclusion that “the Jefferson County occupational tax is imposed directly upon a governmental function — the performance in the federal courthouse in Birmingham, Alabama of federal judicial functions. Those functions are the actual event taxed (the legal incidence of the tax).” Id. at 1543.
This is not a question of the taxation of an independent contractor or agency official (parties in other cases challenging taxes). See, e.g., James v. Dravo Contracting Co., 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155 (1937). The federal judiciary is surely “so assimilated by the Government as to become one of its constituent parts.” Ante at 3160 n. II (quoting cases). “Here, the tax is on the privilege of performing the federal judicial function itself — one of the three grand (Legislative; Executive; Judicial) federal functions.” Acker, 850 F.Supp. at 1542. Article III judges are not independent contractors. The judiciary is not merely a building or an administrative organizational body — it is “an arm of the Government.” Ante at 3160 (quoting cases). The individual judges who administer justice are the judicial branch of government. Taxation (based on income or an alternative measure) of the performance of federal judges is, therefore, taxation of the federal government.
Additionally, I would find for the judges on the Compensation Clause claim because the Jefferson County occupational tax is a “direct, discriminatory assault on judicial independence.” Ante at 3163 (quoting cases). The court’s opinion does not address the onerous recordkeeping and reporting requirements imposed by Ordinance 1120. The ordinance requires every judge to divide his or her performance[1] within Jefferson County from those functions performed outside the county and to allocate compensation earned only within Jefferson County for tax assessment. Thirty-one counties comprise the Northern District of Alabama. 28 U.S.C. § 81(a).[2] Although Judge Acker and Judge Clemon maintain chambers in Jefferson County, they routinely perform judicial functions in other counties[3] and their decisions *858 affect citizens of other counties. Ordinance 1120 creates an administrative nightmare that “impede[s] the operation of the federal judiciary.” Ante at 3164.
Because this tax is a direct assault on the administration of justice, I dissent.

. The Northern District of Alabama encompasses Jefferson County along with the counties of Colbert, Franklin, Lauderdale, Cullman, Jackson, Lawrence, Limestone, Madison, Morgan, Blount, Shelby, Calhoun, Clay, Cleburne, Talladega, Bibb, Greene, Pickens, Sumter, Tuscaloosa, Cherokee, De Kalb, Etowah, Marshall, Saint Clair, Fayette, Lamar, Marion, Walker, and Winston.

. Congress has mandated that, in addition to Birmingham, court be held at Florence, Huntsville, Decatur, Anniston, Tuscaloosa, Gadsden, and Jasper. 28 U.S.C. § 81(a).